UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY ERIC TAYLOR, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:17-cv-2180-SPM |
| v. | ) | |
| | ) | |
| ST. CHARLES COUNTY DEPARTMENT | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Timothy Eric Taylor, an inmate at the St. Charles County Department of Corrections (also "SCCDC"), for leave to commence this action without prepayment of the filing fee. The Court has reviewed the financial information submitted in support, and will grant the motion. In addition, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement that detailed his account only for July of 2017. Based upon the information the Court has about plaintiff's finances, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15

(8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.").

## The Complaint

Plaintiff seeks monetary relief in this action brought under 42 U.S.C. § 1983. Named as defendants are the St. Charles County Department of Corrections, the St. Charles County 11th Judicial Circuit Court, Unknown Nurse Practitioner, and Unknown Institutional PhD. Plaintiff alleges that he has a chronic liver condition and that he requested that SCCDC perform "proper blood work" and a liver biopsy, but only received a "4 panel routine blood work test and that is it." (Docket No. 1 at 6, 9). Plaintiff also alleges that "they" denied his request to submit a request to the Center for Disease Control, alleging that doing so is the "proper procedure." (*Id.* at 9). Plaintiff also alleges that his request to send medical records to his sister was denied, and that because of this, he was unable to get a second opinion. Plaintiff alleges that his condition is worsening, that his bowel movements are discolored, and that when he alerted "medical" to this he was moved to a monitored observation cell for 72 hours and given six cups of water and one shower. He alleges that medical never checked on him, took samples or checked his stool. He was subsequently returned to his regular cell, and told that his concerns had been noted and he was to contact the medical department if he had further concerns, but that he did not do so. He alleges that he should have been allowed to pursue his own course of medical treatment.

## Discussion

The St. Charles County Department of Corrections and the St. Charles County 11th Judicial Circuit Court are not suable entities. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Mildfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345

(8th Cir. 1987) ("[S]tate courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the Eleventh Amendment."). Plaintiff's claims against them will therefore be dismissed as legally frivolous. To the extent Unknown Nurse Practitioner and Unknown Institutional PhD can be understood to be SCCDC employees, plaintiff fails to state a claim against them in their official capacities because he fails to allege that a policy or custom of SCCDC is responsible for the alleged constitutional violation. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

The complaint is subject to dismissal as to Unknown Nurse Practitioner or Unknown Institutional PhD regardless of the capacity in which they are sued. First, plaintiff does not allege that either fictitious party engaged in any specific conduct, or was personally responsible for causing any constitutional harm. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights, *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), and a claim is not cognizable under § 1983 where plaintiff fails to allege that the defendant was personally involved in or directly responsible for incidents that injured him. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Merely listing a party's name as a defendant in the caption without alleging he or she engaged in any specific conduct, as plaintiff has done, is insufficient. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them).

Civil plaintiffs are required to set forth their claims in a simple, concise, and direct manner, and they are required to set forth the facts supporting such claims as to each named defendant. This Court's obligation to liberally construe plaintiff's complaint does not include the obligation to create facts or construct claims that have not been alleged. *See Stone*, 364 F.3d at

914-15 (Court is not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."). Having liberally construed the complaint, the Court concludes that it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this ____21st____ day of August, 2017.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that the complaint is defective because it is unsigned. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and directs this Court to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." In this case, because the complaint is subject to dismissal, it would be futile to allow plaintiff leave to correct this deficiency.